Exhibit 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| LEWIS & CLARK OUTDOORS, INC., an Arkansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAHCO, INC., an Arkansas corporation,<br><br>Defendant. | Case No.: 5:07-cv-05075-JLH |

## STIPULATED PROTECTIVE ORDER

At the request of the parties hereto, the Court orders the following:

1. This Protective Order shall govern all documents, testimony (deposition, hearing or trial) and other materials produced during the course of discovery or pretrial procedures by any party to this action or any non-party.

2. Any party or non-party may designate discovery or pre-trial information exchanged as confidential by letter to counsel for the other parties or by marking the legend "CONFIDENTIAL" on documents produced pursuant to discovery or exhibit exchange or on those portions of interrogatory answers deemed confidential, or by stating on the record that portions of testimony at a deposition or hearing are to be treated as confidential. However, it is contemplated by this Protective Order that only such information, documents, or material as to which there is a genuine need for confidentiality, such as trade secrets, or highly sensitive and confidential financial and/or proprietary business information, will be designated as "CONFIDENTIAL." The Parties further agree that "CONFIDENTIAL" documents or records shall also include those that are subject to attorney-client privilege or the work product doctrine.

1112718.1

Case 5:07-cv-05075-RTD   Document 34   Filed 11/30/07   Page 2 of 7 PageID #: 206
Case 5:07-cv-05075-RTD   Document 31   Filed 11/29/2007   Page 5 of 12

**Exhibit 1**

Any information, documents, or material not claimed to be confidential shall not be protected by this Protective Order pursuant to this paragraph, except where such information, document, or material is logistically inseparable from other information, documents, or material claimed to be confidential. Any documentation or records not marked "CONFIDENTIAL" shall be disclosed within a reasonable period of time after entry of this Order and after the disclosing party has conducted a reasonable review of such materials to ensure that potentially "CONFIDENTIAL" information is not disclosed.

3. "CONFIDENTIAL" information shall be used solely for the purpose of the prosecution or defense of this litigation, and shall not be disclosed in any manner to any person except as provided in this Protective Order.

4. The inadvertent or unintentional disclosure by a party to the other party of unmarked "CONFIDENTIAL" information shall not be deemed a waiver, in whole or in part, of the right to obtain the protections afforded by this Protective Order as long as the party inadvertently or unintentionally disclosing such "CONFIDENTIAL" information acts reasonably promptly to protect the confidentiality of the information and can demonstrate that the information is "CONFIDENTIAL" information as defined in this Protective Order, consistent with the provisions of Fed. R. Civ. P. 26(b)(2)(5).

5. Confidential Material disclosed at a deposition shall be designated by a party or by the producing party or entity as "CONFIDENTIAL" by indicating on the record at the deposition, or by informing the parties in writing within 10 days of receipt of the relevant transcript excerpt or exhibit, whichever date is later, that the testimony, document or other information is "CONFIDENTIAL" and subject to the provisions of this Order. The parties shall treat all such testimony, documents or other information, including without limitation each

Case 5:07-cv-05075-RTD   Document 34   Filed 11/30/07   Page 3 of 7 PageID #: 207
Case 5:07-cv-05075-RTD   Document 31   Filed 11/29/2007   Page 6 of 12

Exhibit 1

deposition transcript and exhibit as "CONFIDENTIAL" until the period for designation of such as Confidential Material has expired, after which time the parties shall honor all such designations of Confidential Material unless the Court orders otherwise, pursuant to paragraph 9. The parties shall exclude from attendance at a deposition, hearing or other proceeding, during such time as Confidential Material is to be disclosed, any person or entity not entitled to receive such information.

6. Any "CONFIDENTIAL" document may be filed with or presented to the Court, or may be included in briefs, memoranda or other papers filed with the Court. If filed, such documents shall be filed in a sealed envelope bearing the legend "Contains Confidential Information Subject to Protective Order."

7. Documents produced or testimony given under this Protective Order shall be retained in the office of counsel subject to the provisions of paragraph 6. Counsel for the parties shall be responsible for assuring that access to confidential information shall be permitted only to:

    a. counsel of record and their employees assisting counsel of record in this litigation;

    b. Richard Mahan;

    c. Lee Mahan;

    d. Andy Haingaertner;

    e. Boyd Cox;

    f. James Potts;

    g. Darrell Potts

    h. Robert Potts

    i. outside consultants or experts who are retained to assist the parties in the litigation;

Case 5:07-cv-05075-RTD Document 34 Filed 11/30/07 Page 4 of 7 PageID #: 208
Case 5:07-cv-05075-RTD Document 31 Filed 11/29/2007 Page 7 of 12

Exhibit 1

j.     the Court, in camera, and to its Court reporters;

k.     deposition Court reporters and their staff;

l.     the actual deposition witnesses and disclosed prospective trial witnesses, to the extent the confidential information may reasonably be believed to relate to their testimony;

m.     others permitted by order of the Court;

n.     graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trials or other Court pleadings in this action; and

o.     jury or trial consulting services retained by counsel.

Notwithstanding the other provisions of this paragraph 7, (1) any Court reporter who transcribes testimony given in this case may retain copies of documents subject to this Protective Order for the purpose of rendering his or her normal transcribing services; and (2) copies of documents subject to this Protective Order may be retained by experts or consultants who are entitled to access to such documents for their study, analysis, and preparation of the case. Any such person with custody of documents designated "CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Protective Order to examine the documents so designated.

No person having access to any "CONFIDENTIAL" information shall disclose in any manner its contents to any person other than those described in this paragraph. No such disclosure shall be made for any purpose other than those specified in this Protective Order.

8.     Counsel for the respective parties shall be responsible for informing witnesses, as necessary, of the contents of this Protective Order. Disclosure to any person specified in paragraph 7 (except subparagraphs 7(a), (j) and (k)) shall be permitted only after each such person acknowledges, in writing, that he or she has read, understands, and agrees to be bound by the terms of this Protective Order. Such written agreement shall be obtained by securing the

Case 5:07-cv-05075-RTD   Document 34   Filed 11/30/07   Page 5 of 7 PageID #: 209
Case 5:07-cv-05075-RTD   Document 31   Filed 11/29/2007   Page 8 of 12

**Exhibit 1**

signature of any recipient of "CONFIDENTIAL" information on a completed confidentiality agreement, the form of which is attached as Exhibit A to this Protective Order. Counsel disclosing "CONFIDENTIAL" information to any such person shall be responsible for maintaining a file containing the signed confidentiality agreements of all such persons to whom "CONFIDENTIAL" information has been disclosed. The file shall be made available on written request to opposing counsel before trial and at the termination of this litigation or earlier by agreement of the parties or by order of the Court for cause shown.

9. A party may mark or designate items produced pursuant to this Protective Order as "FOR ATTORNEY'S EYES ONLY." Disclosure of such documents shall be limited to persons specified in Paragraph 7, subparagraphs (a) and (i) through (o). Such disclosures to persons specified in Paragraph 7, subparagraphs (i) and (l) through (o) shall be permitted only after each such person has entered into the Confidentiality Agreement attached hereto as Exhibit A in the same manner as described in Paragraph 8. Such documents may not be viewed by any other person, except in compliance with Paragraph 10.

10. A party who desires to contest the designation of any document or information as "CONFIDENTIAL" or as "FOR ATTORNEY'S EYES ONLY" shall first notify the disclosing party or person in writing and explain the reason the contesting party believes the designation is improper. The disclosing party or person shall then have a period of ten (10) business days from the date of receipt of such notice to: (1) advise the contesting party whether or not the disclosing party or person persists in such designation; and (2) if the disclosing party or person persists in the designation, to explain the reasons for the particular designation. The contesting party may then, after advising the disclosing party or person, move the Court for an order removing the "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" designation. The disclosing party

shall have the burden of proof in establishing its right to have such document retain "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" treatment. Documents and information designated "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" received from the disclosing party or person shall be treated as such by all receiving parties unless otherwise agreed by the disclosing party or person, in writing, or otherwise ordered by the Court.

11. The failure of a receiving party to expressly challenge a claim of confidentiality or the designation of any document or information as "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

12. Any motion to withhold or remove information designated as "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" from the public record should not disclose any of the information claimed to be "CONFIDENTIAL," or "FOR ATTORNEY'S EYES ONLY" and arguments or materials which would disclose such information must be presented to the Court in camera. The motion shall be accompanied by a proposed order and shall show why it is necessary in the interests of justice to withhold or remove the information from the public record.

13. On conclusion of this action, including any appeals, and upon written request, all "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" information in the possession or under the control of counsel, the parties, or their agents, consultants, or experts shall be returned to the party producing it. The provisions of this Protective Order as to confidentiality shall not terminate with the disposition of this action, but shall continue until further order of the Court.

Case 5:07-cv-05075-RTD   Document 34   Filed 11/30/07   Page 7 of 7 PageID #: 211
Case 5:07-cv-05075-RTD   Document 31   Filed 11/29/2007   Page 10 of 12

**Exhibit 1**

14. If another Court, an administrative agency, or a non-party subpoenas or orders the production of documents designated as "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document of the pendency of such subpoena or order, and shall not produce the document until the party making the confidentiality designation has had the opportunity to challenge the subpoena or order, as that party may elect.

15. The parties acknowledge and agree that there are, or may be, other documents, which if produced by demand or agreement of the parties, or by order of the Court, would require greater confidentiality protection than is provided in this Protective Order. Nothing in this Protective Order shall be construed to waive, limit, or compromise the right of any party to seek additional protection with respect to any such documents and the parties expressly reserve the right to seek additional protection with respect to the disclosure of such documents, if any, in the form of an amendment to this Protective Order, another protective order, or otherwise.

16. Nothing in this Protective Order shall limit the right of any party or non-party to use its own documents or information as it sees fit, even if those documents or information are designated as "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" for purposes of this litigation.

17. The Court shall retain exclusive jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

IT IS SO ORDERED this 30th day of November, 2007.

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 30 2007

CHRIS R. JOHNSON, CLERK

_____
DEPUTY CLERK

Robert T. Dawson
UNITED STATES DISTRICT JUDGE

7

1112718.1