```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

LEWIS & CLARK OUTDOORS, INC.,                    PLAINTIFF

v.                    CASE No. 07-CV-5075

MAHCO, INC., an Arkansas corporation,            DEFENDANT

### ORDER

This matter concerns competing claims of trademark infringement. Before the Court are the Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 27) and Brief in Support (Doc. 28); Defendant's Response to Motion to Dismiss (Doc. 29) and Brief in Support (Doc. 30) and Plaintiff's Reply (Doc. 36). On April 24, 2007, the Plaintiff initiated this action alleging trademark infringement, dilution, injury to business reputation, deceptive trade practices, and unfair competition by the Defendant. On November 16, 2007, the Defendant filed an amended answer and counterclaim for trademark infringement. For the reasons reflected herein, Plaintiff's Motion to Dismiss Defendant's Counterclaim is **DENIED**.

**A.   Background**

Plaintiff, Lewis & Clark Outdoors, Inc., is a retail seller of outdoor adventure and sporting products, with stores located in Springdale, Rogers, and Little Rock, Arkansas. Since 2000, Plaintiff has provided products and services under the word

marks LEWIS & CLARK and LEWIS & CLARK OUTFITTERS, and utilized a LEWIS & CLARK OUTFITTERS design mark. (Referred to collectively as "Lewis & Clark marks.") Plaintiff filed a trademark application in the United States Trademark Office for the Lewis & Clark marks on January 3, 2006, based on actual use in interstate commerce since at least June, 2000.

Defendant, Mahco, Inc., is also a retail seller of outdoor adventure and sporting products, with its principal place of business in Bentonville, Arkansas. In 2004, Defendant began using the design mark, "LEWIS & CLARK", as well as, "LEWIS & CLARK OUTDOORS - THE EXPEDITION CONTINUES" ("Mahco marks"), on various products sold in Sam's Wholesale Clubs and Sportsman's Warehouse retail stores. On November 12, 2004, Defendant filed intent-to-use trademark applications in the United States Trademark Office ("trademark office") for the Mahco marks (i.e. "LEWIS & CLARK OUTDOORS - THE EXPEDITION CONTINUES"). The applications were accepted by the trademark office. As a result, the Plaintiff's later application was suspended. The trademark office concluded that the Plaintiff's application for the Lewis & Clark marks would conflict with the Defendant's previously approved Mahco marks. Defendant admits it ceased using the trademark. However, Defendant alleges it has developed rights in the marks that are superior to Plaintiff's rights in all markets outside of Benton and Washington counties

due to its good faith adoption of the marks and substantial penetration of such market areas.

On April 24, 2007, the Plaintiff filed this action under the Lanham Act, 15 U.S.C. § 1051, et. seq., the common law of the United States, and the applicable statutes and common law of the State of Arkansas.  On November 16, 2007, the Defendant filed an amended answer and counterclaim for trademark infringement.  Plaintiff filed a motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted.  Plaintiff contends the Defendant has failed to allege required facts sufficient to show current ownership of the Mahco marks.  Specifically, the Plaintiff alleges that the Defendant abandoned the marks and does not have standing to bring this action.

**B.   Standard of Review**

In determining whether a motion to dismiss should be granted, the court must test the legal sufficiency of a complaint.  A motion to dismiss should only be granted if it appears from the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for relief. *Schaller Tel. Co. V. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2002).  In considering a motion to dismiss, the Court takes all allegations in the complaint as true and views the facts most favorably to the non-moving party. *Wisdom v. First*

**AO72A**
**(Rev. 8/82)**

*Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999).

**C.   Discussion**

The Plaintiff contends the Defendant has not sufficiently alleged ownership of the marks as to entitle it to bring a trademark infringement action before this Court.  Specifically, the Plaintiff contends that the Defendant abandoned use of the marks and is therefore not entitled to bring this action. Section 43(a) of the Lanham Act forbids unfair trade practices involving infringement of trade dress, service marks, or trademarks, even in the absence of federal trademark registration.  *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992).  To prevail under this section, a claimant must show (1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.  *Planetary Motion, Inc. v. Techsplosion, Inc.,* 261 F.3d 1188, 1190 (11th cir. 2001). Pursuant to 15 U.S.C. § 1127:

> "A mark shall be deemed to be 'abandoned' when its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Non-use for three consecutive years shall be prima facie evidence of abandonment."

The Plaintiff cites the Defendant's statement that it has ceased using the marks as evidence of abandonment.  The Plaintiff relies on *Hiland Potato Chip Co. v. Culbro Snack*

-4-

*Foods, Inc.,* 585 F.Supp. 17 (S.D. Iowa 1982), for its holding that a public announcement of intention to discontinue the sale of a product may be a circumstances from which an intent not to resume may be inferred.  However, the facts in this case can be distinguished from *Hiland*.  In *Hiland,* the Plaintiff issued a press release which stated its intention to discontinue the sale of its product due to faltering demand.  Here, Defendant merely stated in its response that it had discontinued use of the marks at issue.  The Defendant offers no explanation for the cessation.  Accepting the allegations as true and viewing the facts most favorably to the non-moving party, as we are required to do, the Court finds there is sufficient proof to support the counterclaim for trademark infringement.  The Defendant claims to have acquired ownership, denies abandonment and was the first to register the marks with the trademark office.  The Defendant is entitled to the opportunity to offer further evidence in support of its claim.

**D.  Conclusion**

Accordingly, the Plaintiff's Motion to Dismiss the Defendant's Counterclaim is **DENIED**.  The Plaintiff has until January 4, 2008, to answer the counterclaim.

IT IS SO ORDERED this 18th day of December 2007.

/s/ Robert T. Dawson  
Robert T. Dawson  
United States District Judge

AO72A
(Rev. 8/82)

-6-

AO72A
(Rev. 8/82)